# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 07-2194 |
| JOSEPH P. SCHIAFFINO, | : |
| Defendant. | : |

FILED
JUN 1 0 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**  JUNE 10, 2009

Presently before the Court is the United States of America's Motion to Dismiss the "Petition for Rule to Show Cause" filed *pro se* by Joseph P. Schiaffino ("Schiaffino").[1] For the following reasons, the Motion will be granted.

## I. FACTS

On May 14, 2007, Schiaffino filed a "Petition for Rule to Show Cause" against the United States, averring that he received "a document alleging to be a Notice of Federal Tax Lien from the Internal Revenue Service . . . ." (Pet. ¶ 7.) According to Schiaffino, he immediately challenged the validity of the alleged notice of federal tax lien (Pet. ¶ 8) by filing a notarized "Affidavit of Non-Liability" on August 29, 2006 (Pet. ¶ 9). He further states that he sent a "Presumptive Notice" to agents of the Internal Revenue Service ("IRS") on November 13, 2006

---

[1] As the Third Circuit noted, it is clear that Schiaffino is the Petitioner in this case and "may have identified the parties as he did in his 'Petition for Rule to Show Cause' because he views himself as the 'defendant' in state court based upon the filing of the notice of federal tax lien in that court." United States v. Schiaffino, No. 07-3329, 2009 U.S. App. LEXIS 6275, at *3 n.1 (3d Cir. Mar. 25, 2009).

(Pet. ¶ 10), but that these agents failed to rebut his presumptive notice within thirty or sixty days of mailing (Pet. ¶¶ 10-14). As a result of these alleged failures, Schiaffino argues that "the alleged Notice of Federal Tax Lien document" should be "nullified with prejudice and removed from the Court's records . . . ." (Pet. 4.) Schiaffino further requests that "no further legal action of any type . . . be implemented against [Schiaffino]" if the United States fails to "answer this Show Cause demand." (Id.)

On May 31, 2007, the United States removed Schiaffino's Petition to this Court under 28 U.S.C. § 1442. On June 1, 2007, the United States moved to dismiss the Petition for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Instead of opposing the Motion to Dismiss, Schiaffino filed a Motion to Remand the case to state court. We denied Schiaffino's Motion and granted the United States' Motion to Dismiss. Schiaffino appealed.

On appeal, the Third Circuit held that the case had been properly removed under 28 U.S.C. § 1442(a)(1), and that we correctly concluded that the Anti-Injunction Act deprived this Court of subject-matter jurisdiction over the case. The Third Circuit, however, vacated the Order of Dismissal and remanded the case to this Court with instructions to remand the case to state court pursuant to 28 U.S.C. § 1447(c). The United States sought a rehearing. The Third Circuit reheard the matter and, on March 25, 2009, ruled that this Court had erred in dismissing Schiaffino's Petition on the basis of sovereign immunity. The Third Circuit remanded the case to this Court for further consideration of the question of sovereign immunity.

On April 30, 2009, this Court ordered that the parties file Supplemental Briefs regarding the remaining issue: whether the United States waived its sovereign immunity with respect to Schiaffino's Petition. On May 18, 2009, the United States filed its Brief, arguing that the

2

Petition should be dismissed on the grounds that this Court lacks subject-matter jurisdiction over Schiaffino's claim because the claim is barred by sovereign immunity. On that same date, Schiaffino filed his Brief, in which he argues: 1) "[t]he United States, in its corporate capacity, voluntarily waives its sovereign character, and all its attendant privileges"; 2) "Schiaffino's Petition challenged the validity of a notice of federal tax lien which arises under an Act of Congress for internal revenue, and also involves the quiet title to personal property and thus meets the requirements of both 28 U.S.C. § 1340 and 28 U.S.C. § 2410(a)"; and 3) "Schiaffino's Petition challenged the validity of the notice of federal tax lien, but did not address or attack the merits of the underlying assessment." (Schiaffino Br. 1-2.)

## II. DISCUSSION

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." 28 U.S.C.S. § 1340. Notwithstanding section 1340, a party may assert a lack of subject-matter jurisdiction defense by motion. FED. R. CIV. P. 12(b)(1). In deciding a Rule 12(b)(1) motion, "the court must determine whether it has authority or competence to hear and decide the case." 8131 Roosevelt Blvd. Corp. v. City of Phila., No. 02-1392, 2003 U.S. Dist. LEXIS 144, at *6 (E.D. Pa. Jan. 6, 2003).

> Unlike a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Id. at *7 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Under Rule 12(b)(1), the plaintiff bears the burden of proving that subject-matter jurisdiction is

3

proper in this Court. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). If a court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

A district court may conclude that it lacks subject-matter jurisdiction based on the doctrine of sovereign immunity. See Ikelionwu v. Nash, No. 08-4396, 2009 U.S. App. LEXIS 9685, at *3 (3d Cir. May 5, 2009). The United States is immune from suit except where it has expressly waived that immunity and consented to be sued. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). "A party suing the federal government bears the burden of establishing that the United States has unequivocally waived its immunity from suit." Schiaffino, 2009 U.S. App. LEXIS 6275, at *4 (citing Baker v. United States, 817 F.2d 560, 562 (9th Cir. 1987)). If we determine that consideration of Schiaffino's Petition is barred by sovereign immunity, we must dismiss his Petition.[2] Id. at *5 (citing Stapleton v. $2,438,110, 454 F.2d

---

[2] We are mindful of Third Circuit case law which states:

> Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites.

Bradgate Assocs. v. Fellows, Read & Assocs., 999 F.2d 745, 751 (3d Cir. 1993). However, as the Ninth Circuit has explained:

> [S]ubject matter jurisdiction and sovereign immunity are separate issues. Normally[,] distinguishing between these closely related doctrines is not important to the final outcome of an action. Here, however, because section 1447(c) provides for remand of the action to state court if "the district court lacks subject matter jurisdiction," the district court's couching of the sovereign immunity question in subject matter jurisdiction language has clouded the issues . . . . the clearer and correct analysis is that subject matter jurisdiction over this action is present pursuant to section 1340, but the action is not maintainable because the United States has not consented to be sued. Accordingly, the district court did not err in dismissing the action rather than remanding it to state court.

Johnson v. United States, No. 91-55128, 1991 U.S. App. LEXIS 31300, at *4-*6 (9th Cir. Dec. 30, 1991) (internal citations omitted).

1210, 1218 (3d Cir. 1972)).

In its March 25, 2009 opinion, the Third Circuit found that Schiaffino's claim "appears to fall within the types of actions included in § 2410(a)," and his Petition "arguably seeks relief under that statute." Schiaffino, 2009 U.S. App. LEXIS 6275, at *5. Section 2410 creates a limited exception to the United States' sovereign immunity by allowing the United States to be named as a party in lawsuits, *inter alia*, "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). Despite the broad language of section 2410(a), it is well-settled that a taxpayer cannot use section 2410(a) to challenge the extent of, or existence of, substantive tax liability. See Robinson v. United States, 920 F.2d 1157, 1159 (3d Cir. 1990). In Aqua Bar & Lounge, Inc. v. United States, the Third Circuit held that section 2410(a) waives sovereign immunity to a lawsuit "which challenges the validity of a federal tax lien and sale *so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself*." 539 F.2d 935, 939-40 (3d Cir. 1976) (emphasis added). The Third Circuit has explained that "the 'merits' which the district court may not review in such an action include any issue touching upon the actual extent of the taxpayer's federal tax liability." Robinson, 920 F.2d at 1159 (quoting Yannicelli v. Nash, 354 F. Supp. 143, 157 n.4 (D.N.J. 1972)).

We turn now to the arguments raised by Schiaffino in his Supplemental Brief. First, we find that the United States was not acting through a federal corporation when it sent Schiaffino the notice of federal tax lien, but rather, it was acting through its agency, the IRS. Next, as the above case law sets forth, Schiaffino's argument that his Petition "meets the requirements of both 28 U.S.C. § 1340 and 28 U.S.C. § 2410(a)" must fail unless we find that the United States

waived its sovereign immunity. We are cognizant of the principle that "*pro se* filings are to be construed liberally." Schiaffino, 2009 U.S. App. LEXIS 6275, at *6 n.3. We cannot, however, ignore the fact that Schiaffino asserts in his Petition that he filed an "Affidavit of Non-Liability," which suggests to the Court that Schiaffino is questioning not "only the legality of the procedures used to enforce a tax lien," Aqua Bar & Lounge, 539 F.2d at 939, but also "contesting the merits of the underlying tax assessment itself," id. at 939-40. Further, Schiaffino requests in his Petition that this Court order that "no further legal action of any type . . . be implemented against [Schiaffino]" if the United States fails to answer his Petition. In doing so, Schiaffino is effectively requesting that we render the underlying tax assessment against him unenforceable or void if the United States fails to answer his Petition. Even if we construe Schiaffino's Petition liberally, we cannot say that his assertions and demands do not touch upon the actual extent of his federal tax liability. As a result, we find that Schiaffino has failed to meet his burden of establishing that the United States has unequivocally waived its sovereign immunity. Therefore, we must dismiss his Petition.

An appropriate Order follows.